IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES C. JAMES, JR.,

    Petitioner,                     No. 2:12-cv-2041 DAD P

    vs.

WARDEN SINGH,

    Respondent.               ORDER

                              /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**THE PETITION**

        On August 3, 2012, petitioner commenced this action by filing a petition for writ of habeas corpus with the court. Therein, petitioner challenges his prison disciplinary conviction for Battery on Correctional Staff. As a result of that disciplinary conviction, petitioner lost ninety days of good-time credits and received an 18-month segregated housing unit term. (Pet. at 2.)

**DISCUSSION**

After reviewing the petition filed in this action the court has determined that it must be dismissed with leave granted to file an amended petition. Specifically, on the form petition, petitioner has listed one claim for relief under the Eighth Amendment. Petitioner then directs the court to the "Legal Authorities" he submitted with his petitions for writ of habeas corpus filed with the Solano County Superior Court and California Supreme Court. However, petitioner has not attached to his federal form petition copies of the petitions he filed with those state courts. Petitioner has attached to his pending federal petition a copy of the petition he filed with the California Court of Appeal, but the claims for relief he set forth therein are based on alleged procedural due process and equal protection violations and not on any alleged Eighth Amendment violation. In this regard, it is therefore not clear to the court whether petitioner wishes to proceed on an Eighth Amendment claim for relief, Fourteenth Amendment claim for relief, or both.

If petitioner chooses to proceed with this action by filing an amended federal habeas petition, he must file it on the proper form provided by this court. Although petitioner may submit a separate exhibits to support his petition, the court's form petition must contain all relevant claims and must provide the court with all necessary information. Petitioner should use caution when piecing together his amended petition. As noted above, in his original petition filed with this court, petitioner references petitions that he did not attach to his form federal petition. Finally, in selecting which claims to include in his amended petition, petitioner is reminded that exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin,

497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)).  A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court.  See <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner is granted thirty days leave to file an amended petition;

3. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: August 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame2041.amd