UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES C. JAMES, JR., | No. 2:12-cv-2041 GEB DAD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN SINGH, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Counsel on behalf of respondent has filed a motion to dismiss, arguing that the amended petition fails to state a cognizable claim for federal habeas corpus relief. Petitioner has filed an opposition to the motion, and counsel for respondent has filed a reply.

**BACKGROUND**

On May 10, 2011, petitioner appeared before the California Medical Facility Institution Classification Committee ("ICC") and received an eighteen-month segregated housing unit ("SHU") term based on a prison rules violation report he was issued for battery on a staff member. In his petition for habeas relief pending before this court, petitioner claims that the ICC failed to conduct his hearing on the rules violation charge within the prescribed time limits and
/////

1

1 that he was denied the opportunity to earn good-time credits while serving his SHU term in
2 violation of his federal constitutional rights.  (Am. Pet. at 5-6.)

**DISCUSSION**

In the pending motion to dismiss, counsel for respondent argues that petitioner's amended petition for writ of habeas corpus fails to state a cognizable claim for federal habeas corpus relief. (Resp't's Mot. to Dismiss (Doc. No. 13) at 4-7.)  The court agrees.  First, with respect to petitioner's claim that the ICC failed to conduct his hearing on the disciplinary charge within fourteen days as required by the California Code of Regulations, it is well established that federal habeas corpus relief is not available to correct alleged errors in the application of state law.  See Wilson v. Corcoran, __ U.S. __, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Moreover, although petitioner has labeled his claim as one seeking redress for a violation of "due process," he has not alleged any facts to support such a claim.[1]  Under federal law, where a prisoner may lose good-time credits or be placed in solitary confinement as a result of a disciplinary hearing, the prisoner is entitled to the following procedural safeguards:  (1) advanced written notice of the claimed violation at least twenty-four hours before the hearing, (2) a written statement of fact findings as to the evidence relied upon and reasons for the actions taken, and (3) a right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.  Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974); see also Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987).[2]

Here petitioner does not claim that he did not receive the due process he was entitled to under Wolff.  He only claims that the ICC did not conduct his hearing with the prescribed time

---

[1] Petitioner has also labeled this claim for federal habeas relief as an "equal protection" claim. However, he has not alleged any facts suggesting that prison officials intentionally delayed his hearing because of his membership in a protected class.  See City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Byrd v. Maricopa County Sheriff's Dep't, 629 F.3d 1135, 1139-40 (9th Cir. 2009).

[2] Substantively, "[f]indings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board."  Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987)

limits. However, the fact that state regulations may provide greater procedural protection than the decision in Wolff requires does not turn a violation of the state regulations into a violation of due process. See, e.g., Perrotte v. Salazar, No. ED CV 06-00539-JHN (VBK), 2010 WL 5641067 at *8 (C.D. Cal. Nov. 8, 2010) (federal habeas relief is not warranted on a claim challenging the timeliness of a disciplinary hearing because such a claim is based on state law); Martinez v. Busby, No. EDCV 11-604 VAP (FFM), 2013 WL 1818268 at *6 (C.D. Cal. Mar. 7, 2013) (due process is satisfied when a prisoner is afforded the procedures mandated by Wolff and does not require prison officials to comply with their own, more generous prison disciplinary procedures); Nordloff v. Allison, No. 1:10-cv-02170 AWI MJS HC, 2012 WL 43136 at *1 & *3 (E.D. Cal. Jan. 9, 2012) (petitioner's claim that prison staff failed to comply with time limits imposed by state regulations in connection with a prison disciplinary hearing does not implicate federal due process concerns); Hemphill v. Curry, No. C 09-0770 SBA (pr), 2011 WL 4387952 at *3 n.2 (N.D. Cal. Sept. 20, 2011) (claim that prison officials did not comply with time constraints imposed by the California Code of regulations on prison disciplinary proceedings is, at most, a claim based on an alleged violation of state law that is not cognizable in a federal habeas proceeding). Accordingly, petitioner's first claim fails to state a cognizable claim for federal habeas corpus relief and should be dismissed.

Turning now to petitioner's second claim, that he was denied the opportunity to earn good-time credits during the service of his disciplinary term in the SHU, California has not created a protected liberty interest in earning credits for work. See Cal. Penal Code §2933(c) ("Credit is a privilege, not a right."); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) ("section 2933 does not create a constitutionally protected liberty interest."); Touissant v. McCarthy, 801 F.2d 1080, 1095 (9th Cir. 1986) (under § 2933 "prisoners have no right to earn the one-for-one worktime credits"), abrogated in part on other grounds, Sandin v. Connor, 515 U.S. 471 (1995). If petitioner has no constitutionally protected liberty interest in earning work-time credit, his claim that he was deprived of an opportunity to earn such credit while serving a disciplinary term in the SHU cannot state a cognizable claim for federal habeas corpus relief. See, e.g., Orozco v. Silva, No. 11-cv-2663-AJB (BLM), 2012 WL 1898791 at *2 (S.D. Cal. May

23, 2012) (California has not provided prisoners with a statutory right to earn time credits); Hernandez v. Adams, No. 1:08-cv-00254 LJO MJS HC, 2010 WL 5071131 at *4 (E.D. Cal. Dec. 7, 2010) ("Petitioner simply has no constitutional right to a particular classification or to earn credits."); see also York v. Gibson, No. 1:11-cv-01482-BAM-HC, 2011 WL 6780931 at *5 (E.D. Cal. Dec. 27, 2011) ("It appears that Petitioner may be alleging that he has lost the opportunity to earn good time credits. However, the effect of this, if any, on the duration of his confinement is speculative."); Ellington v. Clark, No. 1:09-cv-0054-DLB PC, 2009 WL 1295781, at *6 (E.D. Cal. May 8, 2009) ("Moreover, the act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively earn time credits. Prisoners have no liberty interest in earning work time credits or participating in work programs.")

For these reasons, petitioner's second claim also fails to state a cognizable claim for federal habeas corpus relief and should be dismissed.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 13) be granted;

2. Petitioner's application for writ of habeas corpus be dismissed; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

/////

11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: December 11, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jame2041.157

5